Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of rotary lawn sprinklers or metal parts thereof similar in all material respects to those the subject of *The Durst Mfg. Co., Inc. v. United States* (50 CCPA 56, C.A.D. 820), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JANUARY 13, 1965

No. 69002.—M. J. Carrillo et al. *v.* United States, protests 63/6057, etc. (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Mexico, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.

No. 69003.—M. J. Carrillo *v.* United States, protests 63/15880, etc. (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Mexico, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiff was sustained.

No. 69004.—William F. Joffroy *v.* United States, protests 63/23240, etc. (San Diego).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of

sugar, cereal, or other additive), a product of Mexico, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiff was sustained.

No. 69005.—M. J. Carrillo et al. *v.* United States, protests 64/1440, etc. (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Mexico, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.

No. 69006.—M. J. Carrillo et al. *v.* United States, protests 64/12397, etc. (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Mexico, entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.

No. 69007.—M. J. Carrillo et al. *v.* United States, protests 64/15079, etc. (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Mexico, entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.